# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:06-CR-26 CAS |
| SHARON OTEY, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on various pretrial matters. Pursuant to 28 U.S.C. § 636(b), this Court referred all pretrial matters to United States Magistrate Judge David D. Noce. On April 21, 2006, Judge Noce filed a Report and Recommendation of United States Magistrate Judge which recommended that defendant's Motion to Suppress Evidence and Statements be denied.

## I. Background

Defendant filed objections to the Magistrate Judge's Report and Recommendation on May 3, 2006. Defendant specifically objected to the Magistrate Judge's recommendation that her motion to suppress statements made in response to the questioning by Julia Bowen, an Investigator for the Missouri State Office of Special Investigators, and Walter Miller, an Investigator for the Missouri State Board of Nursing be denied. Otey contends that Bowen and Miller surreptitiously questioned her and did not characterize the nature and extent of the purpose of the questioning and the consequences of her responses. The government filed a response to defendant's objections asserting that a government agent is not required to inform a party under investigation that he or she is the subject of the investigation and there was no evidence at the pre-trial hearing that defendant was

affirmatively misled into believing the investigation was only civil in nature or that she made any statements in reliance on such a belief.

## II. Discussion

The Court agrees with the report and recommendation as to defendant's statements made to Ms. Bowen and Federal Bureau of Investigation Agents James Applebaum and Holly Tischener. The Court agrees with the Magistrate Judge's findings that defendant's statements to Bowen are admissible because at the time the statements were made defendant was not in custody and the statements were voluntarily made.[1] See Miranda v. Arizona, 384 U.S. 436, 478-79 (1966) (when an individual is taken into custody or deprived of freedom in a significant way, the authorities must give the person notice before any questioning of the person's right to remain silent, right to the presence of counsel, and that counsel will be appointed for an indigent person prior to any questioning). As to defendant's statements to Agents Applebaum and Tischener, the Court agrees with the Magistrate Judge's finding that defendant was given her Miranda rights at the time of her arrest and that defendant waived those rights before questioning. (Gov. Ex. 1). Therefore, defendant's statements to Bowen, Applebaum, and Tichener are admissible and defendant's motion to suppress the statements made to them will be denied.

The Court found the following facts regarding defendant's conversation with Walter Miller. On July 10, 2002, Miller conducted a telephone interview with defendant, which he recorded without

---

[1] Some of defendant's statements to Ms. Bowen were made while defendant was inside her home speaking to Ms. Bowen through a closed door. The other statements were made at another time during a telephone conversation.

her knowledge. (Gov. Ex. 2).[2] During the conversation, defendant made statements regarding her involvement with a home health care agency. The following exchange occurred during portions of this conversation[3]:

> . . . .
> Miller: "There's no chance of us getting together and talking about this because Ms. Otey, uh, what the information we have, uh, this can go into a criminal investigation and you could be arrested."
> . . . .
> Miller: Sharon, look maybe if I can come and talk to you, we could straighten this out in some way and work out a deal."
> . . . .
>
> Miller: That's what I want to talk to you about, this situation they put you in."
> . . . .
> Miller: "Well, you see they put you in this situation where it could possibly lead to something bad as far as you're concerned and that's, I'd like to meet and talk with you and lay this all out."
> . . . .
> Miller: I'd rather meet with you. Talking over the phone really means nothing."
> Otey: "Well, no. I, I'm not going to do that because I don't know what's going on, I don't know if what they're trying to do to me."
> Miller: "Nobody's trying to do anything to you."
> Otey: "I have a lawyer. You know, if I come."
> Miller: "Who's your lawyer?"
> Otey: "I'm not at will to say that."
> Miller: "Okay."
> Otey: "Right now."
> . . . .

---

[2]The Court listened to the tapes included as part of the government's Exhibit 2. From listening to the tape, the Court believes that some conversation between Miller and defendant occurred before the tape recording started.

[3]The following facts differ somewhat from the facts as stated in fact paragraph 5 of the Report and Recommendation. The Court makes these factual findings as part of its de novo review of the Report and Recommendation.

(Gov. Ex. 2). Defendant asks that her statements be suppressed because although noncustodial interrogations do not require a <u>Miranda</u> warning, the affirmative misleading of a party into believing that the investigation is exclusively civil in nature and that it would not lead to criminal charges is proscribed by Eighth Circuit precedent. The government responds that an agent is not required to inform a party under investigation that he or she is the subject of a criminal investigation.

<u>Miranda</u> warnings do not apply to situations where a person is not in custody and not deprived of freedom in any significant way. <u>United States v. Hamlin</u>, 432 F.2d 905, 908 (8th Cir. 1970). The parties agree that defendant was not in custody. In support of her argument, plaintiff relies on a footnote in <u>Hamlin</u>, which states, "This court has specifically held that the Government agent is not required to inform the party under investigation that he is the subject of a criminal investigation . . . . The conduct proscribed is affirmatively misleading a party into believing that the investigation is exclusively civil in character." <u>Hamlin</u>, 432 F.2d at 909, n.5 (internal citation omitted). Based on the contents of the telephone recording as a whole, the Court finds that (1) defendant was not misled into believing the conversation concerned an investigation that was exclusively civil in nature, (2) defendant participated in the telephone conversation relying on the belief that it was regarding an exclusively civil investigation, or (3) she was induced to participate in the conversation by means of coercion, fraud, or misrepresentation. <u>Id.</u> Therefore, the Court will deny defendant's motion to suppress the statements made to Miller.

The Court has carefully and independently reviewed the full record, and has listened to the tape of the evidentiary hearing and the tape recording as contained in government's exhibit 2. The Court agrees with the Magistrate Judge's recommendations, and will adopt the same.

Accordingly, after a de novo review,

**IT IS HEREBY ORDERED** that the objections of defendant Sharon Otey are overruled. [Doc. 36]

**IT IS FURTHER ORDERED** that the Report and Recommendation of United States Magistrate Judge is **sustained, adopted** and **incorporated** herein, as modified by the factual findings set forth in this memorandum and order. [Doc. 34]

**IT IS FURTHER ORDERED** that defendant's Motion to Suppress Evidence and Statements is **DENIED**. [Doc. 17]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 17th day of May, 2006.